Douglas J. Pick, Esq.
Eric C. Zabicki, Esq.
**PICK & ZABICKI LLP**
Counsel to the Debtor
369 Lexington Avenue, 12th Floor
New York, New York 10017
(212) 695-6000

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| CAROUSEL OF LANGUAGES, LLC | Case No. 15-12851 (MG) |
| Debtor. | |

------------------------------------------------------------x

## DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION

Carousel of Languages, LLC, the debtor and debtor-in-possession herein (the "Debtor"), hereby proposes the following Chapter 11 Plan of Reorganization (the "Plan") pursuant to §1121(a) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Reference is made to the Debtor's court-approved "Disclosure Statement" for risk factors and a summary and analysis of the Plan and certain related matters. The Debtor is the proponent of the Plan within the meaning of 11 U.S.C. §1129. Subject to the restrictions on modifications set forth in 11 U.S.C. §1127, Rule 3019 of the Federal Rules of Bankruptcy Procedure and the provisions of the Plan, the Debtor expressly reserves the right to alter, amend or modify the Plan, as needed, at any time prior to substantial consummation thereof.

### ARTICLE I

### RULES OF CONSTRUCTION AND DEFINITIONS

**1.A    Rules of Construction.**

    1.A.1    In this Plan, unless otherwise provided, the capitalized terms will have the meaning set forth in Section B of this Article.

    1.A.2    Any capitalized term used in this Plan that is not defined in Section B of this Article will have the meaning ascribed to such term in the Bankruptcy Code.

    1.A.3    The rules of construction used in §102 of the Bankruptcy Code will apply to the construction of this Plan.

    1.A.4    For the purposes of this Plan, wherever the Plan provides that a payment, Distribution or other action shall occur "on" any date, it shall mean "on, or as soon as practicable after" such date.

1.A.5    For the purposes of this Plan, the meanings below and in the Bankruptcy Code will apply equally to the singular, plural and possessive forms and masculine, feminine and neuter genders of the defined terms.

1.A.6    All of the following definitions are intended to be, and hereby are, part of the substantive provisions of this Plan and have the same force and effect as any other provision of this Plan.

1.A.7    For the purposes of the Plan, whenever notice is required, notice shall be effective when given.

**1.B. Definitions.**

1.B.1    "Administrative Claim" means any Claim constituting a cost or expense of administration incurred on or after the Petition Date of the kind described in §503(b) of the Bankruptcy Code, including, without limitation all allowances of compensation or reimbursement of expenses to Professionals to the extent allowed by the Bankruptcy Court.

1.B.2    "Allowed" or "Allowed Claim" means any Claim or Interest against the Debtor that is scheduled by or on behalf of the Debtor as not disputed, contingent or unliquidated, or proof or request for payment of which has been filed timely with the Bankruptcy Court and, in either case, a Claim (a) as to which no objection has been interposed within ninety (90) days after the Effective Date or (b) as to which an objection has been interposed and such Claim has been allowed by a Final Order of the Bankruptcy Court.

1.B.3    "Available Cash" means the Cash available to fund distributions under the Plan on the Effective Date.

1.B.4    "Ballot" means the document (or manually executed facsimile thereof) for use in voting on this Plan which, in order to vote on the Plan, must be executed and delivered by holders of claims and interests entitled to vote on the Plan.

1.B.5    "Bankruptcy Code" means title 11 of the United States Code (11 U. S.C. §§ 1101, et seq.), as in effect on the Petition Date and as amended after the Petition Date and during the Debtor's chapter 11 case.

1.B.6    "Bankruptcy Court" or "Court" means the United States Bankruptcy Court for the Southern District of New York, including the United States Bankruptcy Judges presiding over the Debtor's chapter 11 case, and to the extent it is necessary and appropriate for jurisdiction to be exercised by the United States District Court for the District of New York, including the United States District Judges, this definition will include same.

1.B.7    "Bankruptcy Rules" means the Federal Rules of Bankruptcy Procedure as in effect on the Petition Date and as amended after the Petition Date and during the Debtor's chapter 11 case.

1.B.8 "Business Day" means a day on which banks are not required or authorized to be closed in New York City.

1.B.9 "Cash" means all cash and cash equivalents which evidence available funds.

1.B.10 "Causes of Action" means all claims, actions, third-party claims, counterclaims and crossclaims (including, without limitation, an avoidance, recovery, or subordination actions against insiders and/or any other persons or entities under §§510, 542, 543, 544, 545, 547, 548, 549, 550, 551 and 553 of the Bankruptcy Code) in favor of the Debtor and/or the Estate existing on the Effective Date against any entity based in law or equity, whether direct, indirect, derivative or otherwise, and whether asserted or unasserted as of the date of entry of the Confirmation Order.

1.B.11 "Chapter 11 Case" means the Debtor's case under chapter 11 of the Bankruptcy Code, entitled "*In re: Carousel of Languages, LLC*", Case No. 15-12851 (MG).

1.B.12 "Claim" means any right to payment from the Debtor, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured, known or unknown; or any right to an equitable remedy for breach of performance if such breach gives rise to a right of payment' from the Debtor, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, disputed, undisputed, secured or unsecured.

1.B.13 "Claimant" shall mean the holder of a Claim.

1.B.14 "Class" means a category of holders of Claims or Interests as provided for in Article III of this Plan.

1.B.15 "Confirmation" means the entry of the Confirmation Order on the docket in the Chapter 11 Case.

1.B.16 "Confirmation Date" means the date of entry by the Bankruptcy Court or other court of competent jurisdiction of the Confirmation Order.

1.B.17 "Confirmation Hearing" means the hearing before the Bankruptcy Court or other court of competent jurisdiction on confirmation of the Plan.

1.B.18 "Confirmation Order" means an order of the Bankruptcy Court confirming the Plan in accordance with the Bankruptcy Code.

1.B.19 "Debtor" means Carousel of Languages, LLC, the debtor and debtor-in-possession in this case pending before the Bankruptcy Court.

1.B.20 "DIP Lender" means Julian Salisbury.

1.B.21 "Disclosure Statement" means the disclosure statement (and all exhibits and schedules annexed thereto or referenced therein) that relates to the Plan and that was approved pursuant to §1125 of the Bankruptcy Code in an order entered by the Bankruptcy Court as such disclosure statement may be amended, modified or supplemented.

1.B.22 "Distribution" means a distribution of Cash to be made to holders of Allowed Claims under the provisions of the Plan.

1.B.23 "Effective Date" means the first Business Day which is fourteen (14) days after the entry of the Confirmation Order.

1.B.24 "Estate" means the estate created in the Chapter11 Case pursuant to §541 of the Bankruptcy Code.

1.B.25 "Exit Financing" means amounts loaned to the Debtor for the purposes of funding any Distribution or obligations under the Plan.

1.B.26 "Final Order" means an order of a court as to which (a) any appeal that has been taken has been determined finally or dismissed or (b) the time for appeal has expired and (i) no timely appeal has been filed and (ii) no order having the effect of tolling or otherwise extending the appeal period is in effect.

1.B.27 "General Unsecured Claim" means a Claim against the Debtor other than Statutory Fees, an Administrative Claim, a Priority Tax Claim, or a Priority Wage Claim.

1.B.28 "Interest" means the right of any owner of any issued and outstanding shares or other equity interests in the Debtor.

1.B.29 "Lien" means any valid and enforceable lien, mortgage, security interest, pledge, charge, encumbrance, or other legally cognizable security device of any kind.

1.B.30 "Person" means any individual, corporation, partnership, association, joint stock company, joint venture, estate, trust, unincorporated organization or governmental unit or subdivision thereof or any other entity.

1.B.31 "Petition Date" means October 22, 2015.

1.B.32 "Plan" means this Chapter 11 Plan of Reorganization either in its present form or as it may be altered, amended or modified from time to time.

1.B.33 "Post-Confirmation Debtor" means the Debtor in its post-Confirmation Order state.

1.B.34 "Priority Tax Claim" means that portion of a Claim that is entitled to priority under §507(a)(8) of the Bankruptcy Code.

1.B.35 "Priority Wage Claim" means that portion of a Claim that is entitled to priority under §507(a)(4) of the Bankruptcy Code.

1.B.36 "Professionals" means all attorneys, accountants, financial consultants and/or other professional persons retained in the Chapter 11 Case or to be compensated by a Final Order pursuant to §§327, 328, 330, 331, 503(b) and/or 1103 of the Bankruptcy Code.

1.B.37 "Pro Rata" means, with respect to any Allowed Claim in any Class, the proportion that such Allowed Claim bears to the aggregate amount of all Claims in such Class.

1.B.38 "Schedules" means the schedules of assets and liabilities, schedules of executory contracts and the statement of financial affairs filed in the Chapter 11 Case as required by §521 of the Bankruptcy Code, the Official Bankruptcy Forms and the Bankruptcy Rules, and all amendments thereto.

1.B.39 "Statutory Fees" mean any claim for amounts that may be due to the United States Trustee pursuant to 28 U.S.C. §1930(a)(6).

1.B.40 "U.S. Trustee" means the Office of the United States Trustee.

## ARTICLE II

## PROVISION FOR THE TREATMENT OF STATUTORY FEES, ADMINISTRATIVE CLAIMS AND PRIORITY TAX CLAIMS

2.1 *Generally*. Pursuant to §1123 of the Bankruptcy Code, Statutory Fees and Administrative Claims are not classified. The treatment of and consideration to be received by holders of Allowed Administrative Claims or entities entitled to payment of Statutory Fees pursuant to the Plan shall be in full and complete satisfaction, settlement, release and discharge of such Claims. The obligations of the Debtor in respect of such Allowed Administrative Claims shall be satisfied in accordance with the terms of the Plan.

2.2. *Statutory Fees*. All fees and charges payable to the U.S. Trustee, including those owed under 28 U.S.C. §1930(a)(6), including any applicable interest, shall be fully paid. Such fees and charges that are due on or prior to the Effective Date, shall be paid on the Effective Date. Such fees, together with any applicable interest thereon, that may become due after the Effective Date shall be paid as they become due by the Post-Confirmation Debtor until the entry of a final decree closing the Chapter 11 Case, or until the Chapter 11 Case is converted or dismissed, whichever occurs earlier.

2.3. *Treatment of Administrative Claims*. Each holder of an Allowed Administrative Claim shall receive the full amount of its Allowed Administrative Claim: (a) in Cash on the Effective Date or as soon thereafter as is reasonably practicable; or (b) on such other terms as mutually agreed to by the holder of an Allowed Administrative Claim, as follows:

| Claimant | Amount | Description | Agreed Upon Treatment |
|---|---|---|---|
| Pick & Zabicki LLP | $22,500 | Final Fees and Expenses to be Requested as Substitute Counsel to the Debtor. | Full payment on the Effective Date of the Plan. |
| Klinger & Klinger, LLP | $50,000 | Final Fees and Expenses to be Requested as Accountants to the Debtor. | Full payment on the Effective Date of the Plan. |
| Arlene Gordon-Oliver & Associates, PLLC | $45,000 | Final Fees and Expenses to be Requested as Prior Counsel to the Debtor. | Full payment without interest as follows: (a) $20,000 on the Effective Date; and (b) twenty four (24) consecutive monthly installment payments of $1,042 commencing on the 1st day of the first full month following the Effective Date. |
| DIP Lender (Julian Salisbury) | $197,000 | Post-Petition Loans/Advances (Including $120,000 in Exit Financing). | Full payment with interest at the rate of 5% per annum in sixty (60) consecutive monthly installment payments of principal and interest of $3,962.38 commencing on January 1, 2019.[1] |
| PYML Associates LLC | $11,333 | Post-Petition Legal Fees/Expenses. | Full payment on the Effective Date of the Plan. |
| NYS Dept. of Taxation & Finance | $0 (Disputed) | Alleged Post-Petition Sales Tax. | Full payment on the Effective Date of the Plan. |

2.4. *Treatment of Priority Tax Claims.* In accordance with 11 U.S.C. §1129(a)(9)(C), each holder of an Allowed Priority Tax Claim will receive on account of such claim the full amount of its Allowed Priority Tax Claim in Cash on the Effective Date.

2.5 *Treatment of Priority Wage Claims.* In accordance with 11 U.S.C. §1129(a)(9)(B), each holder of an Allowed Priority Wage Claim will receive on account of such claim the full amount of its Allowed Priority Wage Claim in Cash on the Effective Date.

---

[1] An amortization schedule regarding the post-confirmation payments proposed to be made to the DIP Lender is attached hereto Exhibit "A" and is incorporated herein by reference.

## ARTICLE III

## CLASSIFICATION OF CLAIMS

3.1     *Classes*.  A Claim is classified in a particular Class only to the extent that the Claim falls within the description of that Class and is classified in another Class or Classes to the extent that any remainder of the Claim falls within the description of such different Class.  A Claim is classified in a particular Class only to the extent that the Claim is an Allowed Claim which has not been paid, released or otherwise satisfied before the closing of the Chapter 11 Case by final decree.

3.2     *Class 1* shall consist of all General Unsecured Claims. Class 1 is impaired under the Plan.

3.3     *Class 2* shall consist of all Interests.  Class 2 is not impaired under the Plan.

## ARTICLE IV

## TREATMENT OF CLAIMS AND INTERESTS

4.1     *Treatment of Class 1 - General Unsecured Claims*.  In full satisfaction of its Allowed Class 1 General Unsecured Claim, the Debtor shall pay to each holder of such a Claim an amount equal to 5% of its Allowed Claim, on the Effective Date or as soon thereafter as reasonably practicable.

4.2     *Treatment of Class 2 – Interests*. The Class 2 Interests of Patrizia Corman are not affected by this Plan and Ms. Corman shall continue to retain and maintain such Interests in the Debtor and the Post-Confirmation Debtor following Confirmation of the Plan.

## ARTICLE V

## MEANS FOR IMPLEMENTATION OF THE PLAN

5.1     *Funding of Plan*.  The source of funds to achieve consummation of and to carry out the Plan shall come from the proceeds of the Exit Financing and the Debtor's cash on hand (which shall be in escrow with the Disbursing Agent at Confirmation) and from the Debtor's future operations.  Pick & Zabicki LLP will serve as Disbursing Agent for the Debtor with regard to initial Effective Date Distributions.  The Post-Confirmation Debtor shall be responsible for making any and all post-Confirmation payments required to be made under the Plan.

5.2     *Causes of Action*.  Except as otherwise provided in the Plan, any and all Causes of Action shall remain assets of the Estate pursuant to §1123(b)(3)(B) of the Bankruptcy Code and on the Effective Date shall be transferred to and vest in the Post-Confirmation Debtor. Pursuant to §1123(b)(3)(B) of the Bankruptcy Code, only the Debtor, or the Post-Confirmation

Debtor, as the case may be, shall have the right to pursue or not to pursue, or, subject to the terms of this Plan, compromise or settle any Causes of Action owned or held by the Debtor and/or her Estate as of the Effective Date. From and after the Effective Date, the Post- Confirmation Debtor may commence, litigate, and settle Causes of Action or rights to payment or claims that belong to the Debtor and/or the Estate on the Effective Date. Other than as set as set forth herein, no other Person may pursue such Causes of Action after the Effective Date. The Bankruptcy Court shall retain jurisdiction to adjudicate any and all Causes of Action whether commenced prior to or after the Effective Date. The benefits, if any, whether in the form of monetary recoveries, setoffs, recoupments, defenses and the like, of all Causes of Action shall inure to the benefit of the Debtor and not any Creditors.

5.3 *Objections to Claims.* Except with regard to any late-filed Claim(s), any Claim(s) that is amended after the date hereof, or any Claim(s) arising from the rejection of any executory contract(s) or unexpired lease(s), all Claims asserted against the Debtor have been deemed Allowed Claims as described in this Plan. From and after the Effective Date of the Plan, the Debtor shall be the sole representative of the Debtor's Estate for all purposes including, without limitation, investigating, settling, compromising, objecting to, and litigating objections to Claims in the Bankruptcy Court or elsewhere. The Debtor may object, on appropriate grounds, to the allowance of any late-file Claim, any amended Claim or any Claim for rejection damages. In the event any proof of Claim is filed, amended or asserted after the Effective Date, objections to Claims, if any, shall be filed by the Debtor with the Bankruptcy Court and served upon each affected Claimant no later than ninety (90) days after the date of such filing or amendment, which deadline may be extended by the Court upon motion of the Debtor on notice to the United States Trustee and any affected Claimant. The Bankruptcy Court shall retain jurisdiction to adjudicate any and all objections to claims whether lodged prior to or after the Effective Date.

## ARTICLE VI

## DISTRIBUTIONS

6.1 *Unclaimed Distributions.* Any unclaimed Distributions (including Distributions made by checks which fail to be negotiated) shall be retained by the Debtor in trust for the beneficial holders of Allowed Claims entitled thereto for a period of sixty (60) days after the Distribution Date. Any Distribution remaining unclaimed sixty (60) days after the Distribution Date shall be canceled (by a stop payment order or otherwise), the Claim relating to such Distribution shall be deemed forfeited and expunged and the holder of such Claim shall receive no further Distributions under the Plan. Any and all cancelled Distributions shall be deemed Available Cash and shall be distributed to the holders of Claims in accordance with the Plan.

6.2 *Fractional Cents.* Any other provision of the Plan to the contrary notwithstanding, no payment or distribution in fractions of cents will be made. Whenever any payment of a fraction of a cent would otherwise be called for, the actual payment shall reflect a rounding down of such fraction to the nearest whole cent.

6.3 *Payments of Less Than Five Dollars.* If a cash payment otherwise provided for by the Plan with respect to an Allowed Claim would be less than five ($5.00) dollars (whether in the aggregate or on any payment date provided in the Plan), notwithstanding any contrary provision of the Plan, the Debtor shall not be required to make such payment and such funds shall be otherwise distributed to holders of Allowed Claims in accordance with the Plan.

6.4 *Setoffs.* Except as otherwise provided for herein, the Debtor may, but shall not be required to, set off against any Claim and the payments to be made pursuant to the Plan in respect of such Claim, claims of any nature whatsoever the Debtor or its Estate may have against the Claimant, but neither the failure to do so nor the allowance of a Claim hereunder shall constitute a waiver or release by the Debtor or its Estate of any Claim it may have against any Claimant.

## ARTICLE VII

## UNEXPIRED LEASES AND EXECUTORY CONTRACTS

7.1 *Assumption and Rejection of Executory Contracts and Leases.* All pre-Petition Date executory contracts and unexpired leases to which the Debtor is a party as of the Effective Date which were not previously rejected, assumed, or assumed and assigned by the Debtor shall be deemed rejected and disaffirmed under the Plan as of the Effective Date in accordance with the provisions and requirements of §§365 and 1123 of the Bankruptcy Code. All executory contracts and unexpired leases to which the Debtor is a party as of the Effective Date which were not previously rejected, assumed, or assumed and assigned by the Debtor shall be deemed rejected and disaffirmed under the Plan as of the Effective Date in accordance with the provisions and requirements of §§365 and 1123 of the Bankruptcy Code.

7.2 *Claims Based on Rejection of Executory Contracts or Unexpired Leases.* All proofs of claim with respect to any Claims arising from the rejection of executory contracts or unexpired leases must be filed with the Bankruptcy Court within thirty (30) days after the mailing of notice of the entry of the Confirmation Order. The failure of any such counter party to file a proof of claim within the period proscribed shall forever bar it from asserting against the Estate any Claim for damages arising from the rejection of its executory contract or unexpired lease with the Debtor. The filing of any such proof of claim shall be without prejudice to any and all rights that the Debtor may have to object to the allowance thereof on any and all available grounds.

## ARTICLE VIII

## CONDITIONS PRECEDENT TO EFFECTIVENESS OF THE PLAN

8.1 *Conditions Precedent to Confirmation of the Plan.* It is a condition to Confirmation that (a) the Confirmation Order shall approve in all respects all of the provisions, terms and conditions of the Plan, and (b) the Confirmation Order is satisfactory to the Debtor in form and substance.

8.2     *Conditions Precedent to Effective Date of the Plan.* The Plan shall not become effective unless and until each of the following conditions has been satisfied or waived:

       (a)     The Bankruptcy Court shall have entered the Confirmation Order; and

       (b)     The Confirmation Order shall have become a Final Order.

8.3     *Waiver of Conditions.* The Debtor may at any time, without notice or authorization of the Bankruptcy Court, waive any or all of the conditions set forth in Sections 8.1 and/or 8.2, above. The failure of the Debtor to satisfy or waive such condition may be asserted by the Debtor regardless of the circumstances giving rise to the failure of such condition to be satisfied (including any actions taken by the Debtor). The Debtor reserves its right to assert that any appeal from the Confirmation Order shall be moot after substantial consummation of the Plan.

8.4     *Effect of Failure of Condition.* In the event that the conditions specified in Sections 8.1 and/or 8.2 have not occurred or been waived on or before one-hundred-eighty (180) days after the Confirmation date, the Confirmation Order may be vacated upon order of the Bankruptcy Court made by the Debtor or any party in interest and an opportunity for parties in interest to be heard.

## ARTICLE IX

### EFFECT OF CONFIRMATION

9.1     *Authority to Effectuate Plan.* Upon the Confirmation Order becoming a Final Order, all matters provided under the Plan shall be deemed to be authorized and approved without the requirement of further approval from the Bankruptcy Court or the Debtor. The Debtor shall be authorized, without further application to or order of the Bankruptcy Court to take whatever action necessary to achieve consummation and carry out the Plan and to effectuate the transactions provided for thereunder.

9.2     *Binding Effect.* Except as otherwise expressly provided for in the Plan, on and after the Effective Date, the Plan shall bind all holders of Claims, whether or not such holders voted to accept or reject the Plan.

9.3     *Revesting of Assets.* Consistent with §§1123(a)(5)(A) and 1141 of the Bankruptcy Code, and except as may be otherwise provided in this Plan, title to all assets and property of the estate of the Debtor shall pass to, and vest in, the Post-Confirmation Debtor free and clear of all Claims, Liens, charges and other rights of creditors arising prior to the Effective Date. On and after the Effective Date, the Post-Confirmation Debtor may conduct its financial affairs and may use, acquire, and dispose of property free of any restrictions of the Bankruptcy Code, the Bankruptcy Rules and the Bankruptcy Court, except as otherwise provided in this Plan or in the Confirmation Order.

## ARTICLE X

## DISCHARGE; LIMITATION OF LIABILITY

10.1 *Discharge.* In accordance with §1141(d)(1) of the Bankruptcy Code, except as otherwise specified in the Plan, the Confirmation Order and/or §1141 of the Bankruptcy Code, the Confirmation of the Plan shall discharge the Debtor from any and all debts arising prior to the date of Confirmation.

10.2 *Continuation of Stays.* All stays provided for in the Chapter 11 Case under §362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the completion of all payments required under the Plan.

10.3 *Limitation of Liability.* Pick & Zabicki LLP, as "disbursing agent" in connection with the initial Distributions under the Plan, shall incur no liability, whatsoever, for any action taken, or failure to act, except for its own gross negligence, willful misconduct, breach of fiduciary duty, criminal conduct and/or any disclosure of confidential information that causes damages. Further, the Debtor and its Professionals shall have or incur no liability to the extent allowed under §1125(e) of the Bankruptcy Code and, in all respects, the Debtor and its Professionals shall be entitled to rely upon the advice of counsel with respect to their duties and responsibilities under the Plan. Nothing in the Plan shall limit the liability of the Professionals of the Debtor to their respective clients pursuant to N.Y. Comp. Codes R. & Regs. Title 22, Section 1200.0, Rule 1.8(h)(1). Additionally, the Plan shall not release or exculpate any person or entity from any Claim or Cause of Action existing as of the Effective Date (i) based on the Internal Revenue Code or other domestic state, city or municipal tax code; (ii) based on the environmental laws of the United States or any domestic state, city or municipality; (iii) based on any criminal laws of the United States or any domestic state, city or municipality; (iv) based on the Securities Exchange Act of 1934, as now in effect or hereafter amended, the Securities Act of 1933, as now in effect or hereafter amended, or other securities laws of the United States or any domestic state, city, or municipality.

## ARTICLE XI

## RETENTION OF JURISDICTION

11.1 Following the Confirmation Date and until such time as all payments and Distributions required to be made and all other obligations required to be performed under the Plan have been made and performed and the Final Decree has been entered closing the Chapter 11 Case, the Bankruptcy Court shall retain jurisdiction over this proceeding under the provisions of the Bankruptcy Code, including, without limitation, §1142(b) thereof and the Bankruptcy Rules, to ensure that the intent and the purpose of the Plan is carried out and given effect. Without limitation by reason of specification, the Bankruptcy Court shall retain jurisdiction for the following purposes:

(a) To consider any modification of the Plan pursuant to §1127 of the Bankruptcy Code and/or any other modification of the Plan after substantial consummation thereof;

(b) To hear and determine:

(i) all controversies, suits and disputes, if any, as may arise in connection with the interpretation, implementation, consummation or enforcement of the Plan;

(ii) all controversies, suits and disputes, if any, as may arise between or among the holders of any Class of Claim and the Debtor including, without limitation, proceedings to determine the allowance, classification, amount, or priority of Claims;

(iii) all rights or Causes of Action which may exist on behalf of the estate, including actions commenced to recover preferential transfers, accounts receivable and other property of the estate;

(iv) applications for allowance of compensation and expense reimbursement of Professionals for periods prior to the Effective Date;

(v) any and all applications, adversary proceedings and litigated matters;

(vi) to enter a final decree closing the Chapter 11 Case; and

(vii) to the extent not expressly provided for above, any and all disputes arising under the Plan and proceedings in aid of the administration and/or consummation of the Plan.

## ARTICLE XII

## MISCELLANEOUS PROVISIONS

12.1 *Headings.* Headings are used in the Plan for convenience of reference only and shall not constitute a part of the Plan for any other purpose.

12.2 *Revocation.* The Debtor shall have the right to revoke or withdraw the Plan at any time prior to the Confirmation Date. If the Plan is revoked or withdrawn, it shall be deemed null and void, and in such event, nothing contained herein shall be deemed to constitute a waiver or release of any Claim by or against the Debtor, or any other entity, or to prejudice in any manner, the rights of the Debtor or any entity in any further proceeding involving the Debtor.

12.3     *Notices.*  Any notice to the Debtor or the Post-Confirmation Debtor required or permitted to be provided under the Plan shall be in writing and shall be served by either: (a) certified mail, return receipt requested, postage prepaid; (b) hand delivery; or (c) reputable overnight delivery service freight prepaid, to be addressed as follows:

If to the Debtor or the Post-Confirmation Debtor:

Carousel of Languages, LLC
144 West 72nd Street
New York, New York 10023
Attn: Patrizia Corman, President/Managing Member

With a copy to:

Pick & Zabicki LLP
369 Lexington Avenue, 12th Floor
New York, NY 10017
Attn: Douglas J. Pick, Esq.

12.4     *Pre-Confirmation Modification.*  On notice to and opportunity to be heard by the U.S. Trustee, the Plan may be altered, amended or modified by the Debtor prior to the Confirmation Date as provided in §1127 of the Bankruptcy Code.

12.5     *Post-Confirmation Immaterial Modification.*  After the Confirmation Date and prior to substantial consummation of the Plan, the Post-Confirmation Debtor may, under §1127(b) of the Bankruptcy Code, institute proceedings in the Bankruptcy Court to remedy any defect or omission or reconcile any inconsistencies in the Plan, the Disclosure Statement, or the Confirmation Order, and such matters as may be necessary to carry out the purposes and effects of the Plan and such proceedings do not materially adversely affect the treatment of holders of the Claims under the Plan; provided however, that prior notice of such proceedings shall be served in accordance with the Bankruptcy Rules or order of the Bankruptcy Court.

12.6     *Successors and Assigns.*  The rights, benefits and obligations named or referred to in the Plan shall be binding on, and shall inure to the benefit of the Debtor and all holders of Claims and Interests, their respective successors and assigns. The provisions of all documents executed under or in connection with this Plan shall be valid and enforceable and binding upon and inure to the benefit of the Debtor and all other parties thereto and their respective predecessors, successors, assigns, agents, officers and directors.

12.7 *Governing Law.* Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code and the Bankruptcy Rules), the laws of the State of New York shall govern the construction and implementation of the Plan and, unless otherwise stated therein, any agreements, documents, and instruments executed in connection with the Plan.

12.8 *Saturday, Sunday or Legal Holiday.* If any payment or act under the Plan is required to be made or performed on a date that is not a Business Day, then the making of such payment or the performance of such act may be completed on the next succeeding Business Day, but shall be deemed to have been completed as of the required date.

12.9 *Enforceability.* Should any provision in the Plan be determined to be unenforceable, such determination shall in no way limit or affect the enforceability or operative effect of any and all other provisions of the Plan.

12.10 *Plan Controls.* To the extent, the Plan is inconsistent with the Disclosure Statement, the provisions of the Plan shall be controlling.

12.11 *Reservation of Rights.* Neither the filing of the Plan nor any statement or provision contained therein shall be or be deemed to be an admission against interest. In the event that the Effective Date shall not occur, neither the Plan nor any statement contained therein may be used or relied upon in any manner in any suit, action, proceeding, or controversy within or outside of the Chapter 11 Case.

12.12 *Substantial Consummation.* The Plan will be deemed substantially consummated, as such terms is used in §1101(2) of the Bankruptcy Code, upon the commencement of Distributions to the holder of any Class of Claims under the Plan. Following such substantial consummation, any appeal, rehearing or other post-confirmation motion of any nature with respect to the Plan or the Confirmation Order except as specifically provided herein or therein shall be rendered moot and no longer justiciable.

12.13 *Post-Confirmation Reporting.* The Post-Confirmation Debtor shall file reports on a quarterly basis in a format to be mutually agreed with the Office of the United States Trustee.

## ARTICLE XIII

## CONFIRMATION REQUEST

13.1 The Debtor hereby requests Confirmation of the Plan pursuant to §1129 of the Bankruptcy Code.

Dated: New York, New York
      July 10, 2018

                              Respectfully submitted,

                              **CAROUSEL OF LANGUAGES, LLC**
                              Debtor-in-Possession

                      By:   **/s/Patrizia Corman**
                              Patrizia Corman, President/Managing Member

**READ AND APPROVED:**

**PICK & ZABICKI LLP**
Counsel to the Debtor

By:   **/s/Douglas J. Pick**
       Douglas J. Pick
       369 Lexington Avenue, 12th Floor
       New York, New York 10017
       (212) 695-6000

EXHIBIT "A" TO PLAN OF REORGANIZATION
(LOAN AMORTIZATION SCHEDULE)

Carousel 5 years, 5%, interest & principal paid monthly

Compound Period ......... :  Monthly

Nominal Annual Rate .... :  5.000 %

CASH FLOW DATA

| | Event | Date | Amount | Number | Period | End Date |
|---|---|---|---|---|---|---|
| 1 | Loan | 12/10/2015 | 15,000.00 | 1 | | |
| 2 | Loan | 12/10/2015 | 17,000.00 | 1 | | |
| 3 | Loan | 06/30/2016 | 25,000.00 | 1 | | |
| 4 | Loan | 02/01/2017 | 10,000.00 | 1 | | |
| 5 | Loan | 05/31/2018 | 130,000.00 | 1 | | |
| 6 | Payment | 01/15/2019 | 3,962.38 | 60 | Monthly | 12/15/2023 |

AMORTIZATION SCHEDULE - Normal Amortization

| Date | Loan | Payment | Interest | Principal | Balance |
|---|---|---|---|---|---|
| Loan  12/10/2015 | 15,000.00 | | | | 15,000.00 |
| Loan  12/10/2015 | 17,000.00 | | 0.00 | 0.00 | 32,000.00 |
| 2015 Totals | 32,000.00 | 0.00 | 0.00 | 0.00 | |
| Loan  06/30/2016 | 25,000.00 | | 902.76 | 902.76- | 57,902.76 |
| 2016 Totals | 25,000.00 | 0.00 | 902.76 | 902.76- | |
| Loan  02/01/2017 | 10,000.00 | | 1,718.25 | 1,718.25- | 69,621.01 |
| 2017 Totals | 10,000.00 | 0.00 | 1,718.25 | 1,718.25- | |
| Loan  05/31/2018 | 130,000.00 | | 4,754.62 | 4,754.62- | 204,375.63 |
| 2018 Totals | 130,000.00 | 0.00 | 4,754.62 | 4,754.62- | |
| 1   01/15/2019 | | 3,962.38 | 6,468.34 | 2,505.96- | 206,881.59 |
| 2   02/15/2019 | | 3,962.38 | 862.01 | 3,100.37 | 203,781.22 |
| 3   03/15/2019 | | 3,962.38 | 849.09 | 3,113.29 | 200,667.93 |
| 4   04/15/2019 | | 3,962.38 | 836.12 | 3,126.26 | 197,541.67 |
| 5   05/15/2019 | | 3,962.38 | 823.09 | 3,139.29 | 194,402.38 |
| 6   06/15/2019 | | 3,962.38 | 810.01 | 3,152.37 | 191,250.01 |
| 7   07/15/2019 | | 3,962.38 | 796.88 | 3,165.50 | 188,084.51 |
| 8   08/15/2019 | | 3,962.38 | 783.69 | 3,178.69 | 184,905.82 |
| 9   09/15/2019 | | 3,962.38 | 770.44 | 3,191.94 | 181,713.88 |
| 10  10/15/2019 | | 3,962.38 | 757.14 | 3,205.24 | 178,508.64 |
| 11  11/15/2019 | | 3,962.38 | 743.79 | 3,218.59 | 175,290.05 |
| 12  12/15/2019 | | 3,962.38 | 730.38 | 3,232.00 | 172,058.05 |
| 2019 Totals | 0.00 | 47,548.56 | 15,230.98 | 32,317.58 | |
| 13  01/15/2020 | | 3,962.38 | 716.91 | 3,245.47 | 168,812.58 |
| 14  02/15/2020 | | 3,962.38 | 703.39 | 3,258.99 | 165,553.59 |
| 15  03/15/2020 | | 3,962.38 | 689.81 | 3,272.57 | 162,281.02 |
| 16  04/15/2020 | | 3,962.38 | 676.17 | 3,286.21 | 158,994.81 |
| 17  05/15/2020 | | 3,962.38 | 662.48 | 3,299.90 | 155,694.91 |

Carousel 5 years, 5%, interest & principal paid monthly

|  | Date | Loan | Payment | Interest | Principal | Balance |
|---|---|---|---|---|---|---|
| 18 | 06/15/2020 |  | 3,962.38 | 648.73 | 3,313.65 | 152,381.26 |
| 19 | 07/15/2020 |  | 3,962.38 | 634.92 | 3,327.46 | 149,053.80 |
| 20 | 08/15/2020 |  | 3,962.38 | 621.06 | 3,341.32 | 145,712.48 |
| 21 | 09/15/2020 |  | 3,962.38 | 607.14 | 3,355.24 | 142,357.24 |
| 22 | 10/15/2020 |  | 3,962.38 | 593.16 | 3,369.22 | 138,988.02 |
| 23 | 11/15/2020 |  | 3,962.38 | 579.12 | 3,383.26 | 135,604.76 |
| 24 | 12/15/2020 |  | 3,962.38 | 565.02 | 3,397.36 | 132,207.40 |
| 2020 Totals |  | 0.00 | 47,548.56 | 7,697.91 | 39,850.65 |  |
| 25 | 01/15/2021 |  | 3,962.38 | 550.86 | 3,411.52 | 128,795.88 |
| 26 | 02/15/2021 |  | 3,962.38 | 536.65 | 3,425.73 | 125,370.15 |
| 27 | 03/15/2021 |  | 3,962.38 | 522.38 | 3,440.00 | 121,930.15 |
| 28 | 04/15/2021 |  | 3,962.38 | 508.04 | 3,454.34 | 118,475.81 |
| 29 | 05/15/2021 |  | 3,962.38 | 493.65 | 3,468.73 | 115,007.08 |
| 30 | 06/15/2021 |  | 3,962.38 | 479.20 | 3,483.18 | 111,523.90 |
| 31 | 07/15/2021 |  | 3,962.38 | 464.68 | 3,497.70 | 108,026.20 |
| 32 | 08/15/2021 |  | 3,962.38 | 450.11 | 3,512.27 | 104,513.93 |
| 33 | 09/15/2021 |  | 3,962.38 | 435.47 | 3,526.91 | 100,987.02 |
| 34 | 10/15/2021 |  | 3,962.38 | 420.78 | 3,541.60 | 97,445.42 |
| 35 | 11/15/2021 |  | 3,962.38 | 406.02 | 3,556.36 | 93,889.06 |
| 36 | 12/15/2021 |  | 3,962.38 | 391.20 | 3,571.18 | 90,317.88 |
| 2021 Totals |  | 0.00 | 47,548.56 | 5,659.04 | 41,889.52 |  |
| 37 | 01/15/2022 |  | 3,962.38 | 376.32 | 3,586.06 | 86,731.82 |
| 38 | 02/15/2022 |  | 3,962.38 | 361.38 | 3,601.00 | 83,130.82 |
| 39 | 03/15/2022 |  | 3,962.38 | 346.38 | 3,616.00 | 79,514.82 |
| 40 | 04/15/2022 |  | 3,962.38 | 331.31 | 3,631.07 | 75,883.75 |
| 41 | 05/15/2022 |  | 3,962.38 | 316.18 | 3,646.20 | 72,237.55 |
| 42 | 06/15/2022 |  | 3,962.38 | 300.99 | 3,661.39 | 68,576.16 |
| 43 | 07/15/2022 |  | 3,962.38 | 285.73 | 3,676.65 | 64,899.51 |
| 44 | 08/15/2022 |  | 3,962.38 | 270.41 | 3,691.97 | 61,207.54 |
| 45 | 09/15/2022 |  | 3,962.38 | 255.03 | 3,707.35 | 57,500.19 |
| 46 | 10/15/2022 |  | 3,962.38 | 239.58 | 3,722.80 | 53,777.39 |
| 47 | 11/15/2022 |  | 3,962.38 | 224.07 | 3,738.31 | 50,039.08 |
| 48 | 12/15/2022 |  | 3,962.38 | 208.50 | 3,753.88 | 46,285.20 |
| 2022 Totals |  | 0.00 | 47,548.56 | 3,515.88 | 44,032.68 |  |
| 49 | 01/15/2023 |  | 3,962.38 | 192.86 | 3,769.52 | 42,515.68 |
| 50 | 02/15/2023 |  | 3,962.38 | 177.15 | 3,785.23 | 38,730.45 |
| 51 | 03/15/2023 |  | 3,962.38 | 161.38 | 3,801.00 | 34,929.45 |
| 52 | 04/15/2023 |  | 3,962.38 | 145.54 | 3,816.84 | 31,112.61 |
| 53 | 05/15/2023 |  | 3,962.38 | 129.64 | 3,832.74 | 27,279.87 |
| 54 | 06/15/2023 |  | 3,962.38 | 113.67 | 3,848.71 | 23,431.16 |
| 55 | 07/15/2023 |  | 3,962.38 | 97.63 | 3,864.75 | 19,566.41 |
| 56 | 08/15/2023 |  | 3,962.38 | 81.53 | 3,880.85 | 15,685.56 |
| 57 | 09/15/2023 |  | 3,962.38 | 65.36 | 3,897.02 | 11,788.54 |
| 58 | 10/15/2023 |  | 3,962.38 | 49.12 | 3,913.26 | 7,875.28 |
| 59 | 11/15/2023 |  | 3,962.38 | 32.81 | 3,929.57 | 3,945.71 |
| 60 | 12/15/2023 |  | 3,962.38 | 16.67 | 3,945.71 | 0.00 |

Carousel 5 years, 5%, interest & principal paid monthly

| Date | Loan | Payment | Interest | Principal | Balance |
|---|---|---|---|---|---|
| 2023 Totals | 0.00 | 47,548.56 | 1,263.36 | 46,285.20 | |
| Grand Totals | 197,000.00 | 237,742.80 | 40,742.80 | 197,000.00 | |

Carousel 5 years, 5%, interest & principal paid monthly

Last interest amount increased by 0.23 due to rounding.