UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                          Chapter 11
CAROUSEL OF LANGUAGES, LLC,                      Case No. 15-12851 (MG)

        Debtor.
------------------------------------------------------------x

## ORDER CONFIRMING THE DEBTOR'S PLAN OF REORGANIZATION

    Carousel of Languages, LLC, the debtor and debtor-in-possession herein (the "Debtor"), having filed the *Debtor's Third Amended Chapter 11 Plan of Reorganization*, dated July 10, 2018, as amended by way of a First Pre-Confirmation Modification Pursuant to 11 U.S.C. §1127 dated November 1, 2018 (the "Plan")[1], with this Court; and an Order having been entered by this Court on August 27, 2018 approving the *Fourth Amended Disclosure Statement in Connection With Third Amended Chapter 11 Plan of Reorganization Proposed By the Debtor*, dated August 22, 2018 (the "Disclosure Statement"), in connection with the Plan and authorizing the Debtor to solicit acceptances of the Plan (the "Disclosure Statement Order"); and the Debtor having thereafter, and in accordance with the Disclosure Statement Order, solicited acceptances of the Plan from creditors that are impaired under the Plan; and the Debtor having given due, proper, and adequate notice of the date, time, and place for the hearing to consider confirmation of the Plan and the deadline for objecting to same; and the Court having read and considered, among other things, (a) the Declaration of Patrizia Corman; (b) the Memorandum of Law; and (c) the Certification of Acceptances of Plan, each dated September 24, 2018, filed and submitted by the Debtor in support of confirmation of the Plan; and a hearing on notice having been held on October 24, 2018 to consider confirmation of the Plan and other matters relating to confirmation of the Plan (the "Confirmation Hearing"); and creditors and parties-in-interest in

---

[1]   Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan.

this case having had an opportunity to appear and be heard at the Confirmation Hearing; and upon all other pleadings and papers heretofore filed herein, all proceedings heretofore had herein, and the record of the Confirmation Hearing; and after due deliberation and good and sufficient cause appearing therefor;

IT APPEARING AND THE COURT HAVING FOUND AND DETERMINED THAT:

Jurisdiction and Notice

A. This Court has jurisdiction over this case, the Plan, and the confirmation of the Plan pursuant to 28 U.S.C. §1334, subject to the terms of the Plan and this Order. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. §157(b)(1) and (b)(2)(L). Venue of this case in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B. Due, proper, and adequate notice of the date and time for submitting ballots and filing objections concerning the Plan and of the date and time of the Confirmation Hearing was given pursuant to (1) Rule 2002(b)(2) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and (2) the Disclosure Statement Order.

C. The Plan was properly and timely transmitted to holders of impaired claims entitled to vote to accept or reject the Plan in accordance with the requirements of the Bankruptcy Code and this Court's orders, including the Disclosure Statement Order, and votes on the Plan were properly solicited and tabulated.

D. The notices given pursuant to the Disclosure Statement Order or otherwise by the Debtor with respect to the Plan provided adequate disclosure within the meaning of 11 U.S.C. § 1125.

Good Faith Solicitation

E.  The solicitation of votes on the Plan was made in good faith within the meaning of 11 U.S.C. §§1125 and 1126, all other provisions of the Bankruptcy Code, Bankruptcy Rules 3017 and 3018, and the Disclosure Statement.

Acceptance of Plan by Impaired Classes

F.  The Plan has been accepted in accordance with 11 U.S.C. §1126.

No Objections Filed

G.  No objections to confirmation of the Plan were filed or otherwise made with the Court.

Plan Compliance

H.  The Plan complies with all applicable provisions of 11 U.S.C. §1129.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

General Provisions Regarding Plan and Authorization

1.  The findings of this Court as set forth herein shall constitute findings of fact and conclusions of law pursuant to Rule 7052 of the Bankruptcy Rules, which is applicable to this matter by virtue of Rule 9014 of the Bankruptcy Rules. Each finding of fact set forth or incorporated herein, to the extent that it is or may be deemed a conclusion of law, shall also constitute a conclusion of law. Each conclusion of law set forth or incorporated herein, to the extent that it is or may be deemed a finding of fact, shall also constitute a finding of fact.

2.  The Plan, the provisions of which are incorporated in this Order by reference as if set forth at length herein, is hereby confirmed in accordance with 11 U.S.C. §§1129 and 1141 of the Bankruptcy Code

3. On and after the Effective Date, the Post-Confirmation Debtor is hereby authorized and empowered to implement and perform those responsibilities, duties, and obligations set forth herein and in the Plan, including, without limitation, making distributions as provided under the Plan.

Payment of Statutory Fees

4. All fees due and payable by the Debtor, if any, to the United States Trustee under and pursuant to 28 U.S.C. §1930, together with interest pursuant to 31 U.S.C. §3717, if any, shall be paid until the entry of a final decree.

Revesting of Property of the Estate

5. To the extent permitted pursuant to 11 U.S.C. §§1123(a)(5)(A) and 1141, and except as may be otherwise provided in the Plan, title to all assets and property of the estate of the Debtor be and hereby is passed to, and vested in, the Post-Confirmation Debtor free and clear of all Claims, Liens, charges and other rights of creditors arising prior to the Effective Date and the Post-Confirmation Debtor is authorized to conduct its affairs and use, acquire, and dispose of property free of any restrictions of title 11 of the United States Code, the Bankruptcy Rules of Bankruptcy Procedure and/or this Court.

Discharge

6. Except as otherwise provided in the Plan and/or this Order, the rights afforded in the Plan shall be in exchange for and in complete satisfaction and release of all Claims of any nature whatsoever, including any interest accrued thereon from and after the Petition Date, against the Debtor, its estate, or any of its assets or properties to the extent permissible under 11 U.S.C. §§524 and 1141.

Limitation of Liability

7. Pick & Zabicki LLP, as "disbursing agent" in connection with the initial Distributions under the Plan, shall incur no liability, whatsoever, for any action taken, or failure to act, except for its own gross negligence, willful misconduct, breach of fiduciary duty, criminal conduct and/or any disclosure of confidential information that causes damages.

8. The Debtor and its Professionals shall have or incur no liability to the extent allowed under §1125(e) of the Bankruptcy Code and, in all respects, the Debtor and its Professionals shall be entitled to rely upon the advice of counsel with respect to their duties and responsibilities under the Plan. Nothing in the Plan shall limit the liability of the Professionals of the Debtor to their respective clients pursuant to N.Y. Comp. Codes R. & Regs. Title 22, Section 1200.0, Rule 1.8(h)(1).

9. The Plan shall not release or exculpate any person or entity from any Claim or Cause of Action existing as of the Effective Date (i) based on the Internal Revenue Code or other domestic state, city or municipal tax code; (ii) based on the environmental laws of the United States or any domestic state, city or municipality; (iii) based on any criminal laws of the United States or any domestic state, city or municipality; (iv) based on the Securities Exchange Act of 1934, as now in effect or hereafter amended, the Securities Act of 1933, as now in effect or hereafter amended, or other securities laws of the United States or any domestic state, city, or municipality.

<u>Inconsistency</u>

10. In the event of any inconsistency between this Order and the Plan, this Order shall govern.

Dated: November 14, 2018
       New York, New York

                                              **/s/Martin Glenn**
                                              MARTIN GLENN
                                    United States Bankruptcy Judge